DA 10-0152

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 241N

KIMBALL LELAND FEHRS and DEBRA FEHRS,

Plaintiffs and Appellees,

v.

MICHAEL C. SCHMIDT,

Defendant and Appellant.

APPEAL FROM:  District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV 08-133
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Scott G. Hilderman, Johnson, Berg, McEvoy & Bostock, PLLP,
Kalispell, Montana

For Appellee:

S. Charles Sprinkle, Sprinkle Law Firm, PC, Libby, Montana

Submitted on Briefs:  October 20, 2010

Decided:  November 9, 2010

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Michael Schmidt appeals a decision of the District Court for the Nineteenth Judicial District, Lincoln County, granting Kimball and Debra Fehrs' (the Fehrs) claim that their use of a portion of Schmidt's property had ripened into a prescriptive easement. We affirm.

¶3    We address the following issue on appeal:   Did the District Court err in determining that the Fehrs have a prescriptive easement over a strip of Schmidt's property?

¶4    Schmidt and the Fehrs own real property in Lincoln County on the outskirts of Libby.  Schmidt's property is a rectangular parcel consisting of 4.98 acres.  Its southern boundary is almost 658 feet long.  The Fehrs' property is a small triangular parcel approximately .127 acres in size.  The entire northern boundary of the Fehrs' property, consisting of 120 feet, is contiguous to the southern boundary of Schmidt's property.  The Fehrs' property is bordered on the west by Forest Service land and on the south by a county road that runs diagonally, southwest to northeast.

2

¶5     After the Fehrs purchased their property in the early 1980s, they moved a mobile home onto the property. Relying on information they received from the real estate agents involved in the purchase of their property regarding its boundaries, the Fehrs parked the mobile home across the common boundary line of what later became Schmidt's property. The Fehrs eventually moved the mobile home off the property and built a house within the boundary of their own property. However, they continued to use the area where the mobile home had been parked as their yard—planting grass, trees and flowers in this area and surrounding it with yard ornaments and other items.

¶6     Schmidt purchased his property in the 1990s. The first time Schmidt encountered Kimball Fehrs, Kimball was in the process of building a garage. Schmidt informed Kimball at that time that he was building the garage on Schmidt's property, but Kimball completed construction on the garage anyway.

¶7     After years of contention over the boundary between the properties, Schmidt had his property surveyed in 2007. The survey confirmed that the Fehrs' garage was located 20.56 feet onto Schmidt's property. In addition, the area the Fehrs claimed as their yard was actually entirely on Schmidt's property.

¶8     The Fehrs brought suit against Schmidt seeking to quiet title by adverse possession a strip of Schmidt's property approximately 50 feet by 120 feet. In the alternative, the Fehrs asked the court to rule that they have a prescriptive easement over the disputed property. Schmidt counterclaimed for trespass.

¶9     A bench trial was held on February 10, 2010, after which the court entered its Findings of Fact, Conclusions of Law and Judgment. The court denied the Fehrs' claims

3

of adverse possession and quiet title, but granted their claim for a prescriptive easement over a 30-foot-wide strip of Schmidt's property running along the parties' shared boundary. The court also denied Schmidt's counterclaim for trespass. Schmidt appeals.

¶10 Having reviewed the record, the District Court's decision and the parties' arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions.

¶11 "Both prescriptive easements and title by adverse possession are established in a similar manner: the claimant must show use that is open, notorious, exclusive, adverse, continuous, and uninterrupted for the statutory five-year period." *Habel v. James*, 2003 MT 99, ¶ 14, 315 Mont. 249, 68 P.3d 743 (citing § 70-19-411, MCA; *Burlingame v. Marjerrison*, 204 Mont. 464, 470-71, 665 P.2d 1136, 1139-40 (1983)).

¶12 In this case, neither party disputes that the Fehrs' use of Schmidt's property has been open, notorious, exclusive, adverse, continuous, and uninterrupted for the full statutory period. The question here is whether the character of the Fehrs' use of the property is possessory or non-possessory. If the use is possessory, then adverse possession of the property is at issue. If the use is non-possessory, then an easement interest is at issue. *See Habel*, ¶ 15.

¶13 As to the Fehrs' prescriptive easement claim, we agree with the District Court that the Fehrs' use of the disputed property was non-possessory. Land is deemed to have been possessed and occupied "where it has been protected by a substantial enclosure" or "where it has been usually cultivated or improved." Section 70-19-410, MCA. Here, the

disputed property was not fenced, nor was it cultivated or improved to the extent necessary to show a possessory interest.

¶14    And, even if the Fehrs' use of the property could be deemed possessory, their claim for adverse possession cannot be sustained because they did not pay taxes on the property. "In no case shall adverse possessions be considered established under this code unless it shall be shown that . . . [the claimant has] paid all the taxes, state, county, or municipal, which have been legally levied and assessed upon said land." Section 70-19-411, MCA.

¶15    It is manifest on the face of the briefs and the record before us that this appeal must be denied because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the District Court's conclusion that the Fehrs have established the requisite elements for a prescriptive easement over a 30-foot-wide strip of Schmidt's property running along the parties' shared boundary.

¶16    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE

5